UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **RANDALL SMITH,** | CIVIL NO. 06-2091 (ADM/AJB) |
| PLAINTIFF, | |
| v. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FEES UNDER THE SOCIAL SECURITY ACT** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | |
| DEFENDANT. | |

───────────────────────────────────────────────

Jennifer G. Mrozik, Attorney for Plaintiff Randall Smith

Lonnie F. Bryan, Assistant United States Attorney for the Commissioner

───────────────────────────────────────────────

## I.     INTRODUCTION

This matter is before the court for a Report and Recommendation ("R&R") to the District Court regarding Plaintiff counsel's Motion for Attorney's Fees Under the Social Security Act, 42 U.S.C. § 406(b) [Docket No. 39]. Plaintiff's counsel, Jennifer G. Mrozik, requests attorney's fees in the amount of $30,066.50.

## II.    BACKGROUND

Plaintiff brought this matter before the court following the Commissioner's final decision denying disability by concluding that Plaintiff could not perform his past relevant work, but that there were other jobs in the national economy that he could perform. Following a *de novo* review of the record, United States District Court Judge Ann D. Montgomery concluded that the ALJ's

decision to deny Plaintiff benefits was not supported by substantial evidence and adopted the R&R of the undersigned which found that "the record overwhelmingly support[ed] a finding of disability." Order 1 [Docket No. 31]. Accordingly, the District Court granted Plaintiff's Motion for Summary Judgment, denied the Commissioner's Motion for Summary Judgment, and ordered that the matter be remanded to the Commissioner for an award of benefits. Id. at 2.

Pursuant to the judgment entered on May 23, 2007 [Docket No. 32], the Social Security Administration issued a Notice of Award on October 15, 2007, stating that Plaintiff had been eligible for Social Security Disability benefits from March 1996 onward. See Ex. A, p. 3 [Docket No. 40]. Social Security withheld one-quarter of Plaintiff's past due benefits ($30,066.50) for payment of attorney's fees. Id. Plaintiff will receive ongoing benefits in the amount of $951.00 per month. Id. at p. 1. The fee agreement between Plaintiff and counsel called for a fee of one-quarter of Plaintiff's past due benefits ($30,066.50) or $4,000 (whichever is less) for representation before the Social Security Administration ("SSA"). Id. at Ex. B. The court has approved, and the Defendant has already paid, fees in this case under the EAJA in the amount of $3,770.00 [Docket No. 43]. Plaintiff's counsel has now filed a motion seeking to collect attorney's fees and costs under 42 U.S.C. § 406(b).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 406(b)(1), provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...

Fee awards under the EAJA, however, are offset against fees payable under § 406(b). Gisbrecht

v. Barnhart, 535 U.S. 789, 795-96 (2002).

### A.  A Contingent Fee Agreement is Not Necessary to Recover Under § 406(b).

Defendant argues that Plaintiff counsel's fee petition is not reasonable because they have not provided a proper contingent fee agreement. See Mem. 2 [Docket No. 44].  Defendant argues that the Gisbrecht decision was "premised on the assumption that the claimant and his attorney entered into a lawful contingent-fee agreement." Id. at 3-4.  More specifically, Defendant asserts that the Gisbrecht decision stood for the proposition that contingent-fee agreements are the "appropriate starting point for determining reasonable fees." Id. at 3.  The Fee Agreement with Plaintiff, however, concerned "fees for representation before the Social Security Administration." See Mem. 2 [Docket No. 44]; see also Ex. B [Docket No. 40].  The Fee Agreement further stated that "[i]f Social Security denies my [i.e. Plaintiff] claim and I want to appeal my case to Federal Court, my Attorney and I will have to make a further agreement concerning attorney fees for that representation." See Ex. B [Docket No. 40].  No further agreement was made for representation before the court.  Thus, Defendant contends that Plaintiff's counsel has no contractual right to attorney's fees for representation before this court.

Plaintiff's counsel alludes to the fact that "[w]hile the fee agreement sets out a cap for fees, it is clearly agreed that any proceeding beyond the hearing [was] not subject to [the $4000.00] cap [i.e. Plaintiff's appeal to this court]." See Mem. 2 [Docket No. 40].  Upon a literal reading of 42 U.S.C. § 406(b), the court finds that the statute does not preclude an attorney, who represents a claimant before the court in a social security action and where favorable judgment is rendered to said claimant, from petitioning for attorney's fees-regardless of whether there is a pre-existing contractual fee agreement with the claimant-so long as the attorney's award is

reasonable and not in excess of 25 percent of the total past-due benefits entitled to the claimant. Although an attorney-client agreement is consideration in determining the amount needed to reimburse the attorney for legal services in a suit to recover past-due social security payments, the "final fitting of the fee to the services remains the duty of the court." Fenix v. Finch, 436 F.2d 831, 836 (8th Cir. 1971)(quoting Robinson v. Gardner, 374 F.2d 949, 952 (4th Cir. 1967)).

Additionally, the court finds that Defendant's interpretation of Gisbrecht is incorrect in that Plaintiff and his counsel were required to enter into a contingency fee agreement before counsel would be allowed to seek attorney's fees under § 406(b). As Plaintiff indicates, "Congress...designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793.[1] This court, upon review of Gisbrecht, finds that said decision did not stand for the proposition that a fee agreement was necessary to recover under § 406(b). Rather, the Court in Gisbrecht held that § 406(b) instructs lower courts to review such agreements for reasonableness. Id. at 087. As the Court concluded:

> ...§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Id. at 807 (footnote omitted).

Moreover, Congress' intent behind § 406(b) also suggests that there is no contractual

---

[1] As the Supreme Court states:

> [The real issue] is a question that has sharply divided the Federal Courts of Appeals: What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"?...Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation? Id. at 792.

requirement to obtain attorney's fees.  Recognizing that social security awards were sometimes made without the attorney's knowledge and that claimants on occasion did not notify the attorney of the receipt of the money nor pay contractually obligated fees, "Congress provided for 'a reasonable fee, not in excess of 25 percent of accrued benefits,' <u>as part of the court's judgment</u>."  <u>Id.</u> at 804-05 (emphasis added).  Congress also authorized the agency "to certify [and withhold] the amount of the fee to the attorney out of the amount of the accrued benefits" to ensure that the attorney would be notified of the award. <u>Id.</u>[2]  Therefore, the court finds that Plaintiff's counsel is not required to show proof of a contingency fee arrangement with Plaintiff in order to seek attorney's fees under § 406(b).

### B. Plaintiff's Fee Petition is Reasonable and Does Not Represent a Windfall

A reduced fee may be appropriate where representation was substandard, the attorney was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case. <u>Gisbrecht</u>, 535 U.S. at 808. Plaintiff states that "while the payment of $30,066.50 for work before the Court and the Agency may seem excessive, the contingent nature of the litigation, as well as the complexity, the length of the litigation, and the quality of representation should be considered." <u>See</u> Mem. 3 [Docket No. 40].  The number of litigators in this area of law is small due in part to the complexity of the social security review process and federal litigation in general. <u>Id.</u>  Counsel indicates that its office has represented "Plaintiff for over 10 years on this single claim, and has prepared four hearings before an Administrative Law Judge, filed three Appeals Council appeals and has filed

---

[2] As a matter of policy, attorneys are more willing to represent social security claimants knowing that their potential fee awards are secured through SSA certification.

three actions with the Federal Court." Id. at 4. Counsel also submits that it has zealously represented Plaintiff throughout this entire process and has not been responsible for any delay that increased the fund from which the fee was payable. See id. at 4-5.

Conversely, Defendants argue that Plaintiff's fee petition is unreasonable and represents a windfall to Plaintiff's counsel. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is...in order." See Gisbrecht, 535 U.S. at 808. While Plaintiff's attorney did not submit a record of hours spent litigating this case, in the Motion for Attorney's Fees under the EAJA [Docket No. 35], Plaintiff's attorney reported that she worked for 26.33 hours on the federal court action. See Ex. A [Docket No. 36]. If the $30,066.50 withheld was divided by 26.33 hours, Plaintiff's hourly rate would be $1,141.91. Defendants assert that such an hourly rate is excessive and therefore should be reduced to a reasonable amount.

Nevertheless, while an hourly rate of $1,141.91 may appear excessive, a $30,066.50 contingency fee from a $120,000.00 disability award is not necessarily unreasonable for social security cases. As stated above, the U.S. Supreme Court has accepted the 25 percent contingent fee as an appropriate starting point for determining the reasonable fees to be due to the claimant's attorney given that contingency fee agreements "are the most common fee arrangement between attorneys and social security claimants." Gisbrecht, 535 U.S. at 800. Furthermore, the court agrees with Plaintiff's counsel that upon review of the record "the amount of time spent on plaintiff's case, the complexity of the issues involved, the manner in which plaintiff's attorney analyzed and dealt with the issues, the diligence with which plaintiff's attorney undertook claimant's case, and...the overall contribution of plaintiff's attorney to the decision reached by

the court warrants an award of attorneys fees" in the amount of $30,066.50. See Mem. 7-8 [Docket No. 45].  Thus, the court also finds that an award of attorney's fees in the amount of $30,066.50 is not unreasonable in this case.

### III.   RECOMMENDATION

Accordingly, this court **recommends** that Plaintiff counsel's Motion for Attorney's Fees under the Social Security Act [Docket No. 39] be **granted**, and attorney fees in the amount of $30,066.50 be awarded.  Furthermore, the Social Security Administration should release the remaining balance of $3,770.00 to Plaintiff.


Dated:   June 10, 2008


    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **June 20, 2008**.